(b)    The hearing in the arbitration proceeding shall be commenced and completed within sixty (60) days, absent good cause shown after the selection of the arbitration panel pursuant to Section 9.02(a) above, and the arbitration panel shall render its decision in no more than thirty (30) days after the completion of such hearing. Any decision concurred in by any two (2) of the arbitrators shall constitute the decision of the arbitration panel, and unanimity shall not be required.

(c)    The arbitration panel shall have the discretion (but shall not be required) to include in any such decision that all or part of the attorneys' fees and costs of any party or parties and/or the costs of such arbitration (including the fees of the arbitrators) be paid by any other party or parties. On the application of a party before or after the initial decision of the arbitration panel, and proof of its attorneys' fees and costs, the arbitration panel shall order the party to make any payments directed pursuant to the preceding sentence.

9.03    <u>Binding Character.</u> Any decision rendered by the arbitration panel pursuant to this Article IX shall be final and binding on the parties thereto, and judgment thereon may be entered by any state or federal court of competent jurisdiction.

9.04    <u>Exclusivity.</u> Arbitration shall be the exclusive method available for resolution of disputes and controversies hereunder that cannot otherwise be resolved. The provisions of this Article IX shall survive the dissolution of the Company.

9.05    <u>No Alteration of Agreement.</u> Nothing contained herein shall be deemed to give the arbitrators any authority, power or right to alter, change, amend, modify, add to, or subtract from any of the provisions of this Agreement.

ARTICLE X

<u>MISCELLANEOUS</u>

10.01    <u>Confidentiality.</u> Each Member hereby agrees that such Member will preserve the confidentiality of and will not use or disclose, directly or indirectly, any information relating to this Agreement, the Company or the Company's business that is confidential or proprietary to the Company (the "<u>Confidential Information</u>") except that a Member will have no obligation to maintain the confidentiality of any information which (a) is lawfully made available to such Member by a third party having no obligation of confidentiality to the Company, (b) is independently developed by such Member without the use of any information relating to the Company or the Company's business, or (c) is or later becomes available to the public through no act or failure to act by such Member. Notwithstanding the restrictions contained in the prior sentence, each Member may disclose any Confidential Information to its partners, members, advisors, employees, agents, accountants and attorneys (collectively, the "<u>Representatives</u>"), so long as such Representatives agree to keep such information confidential. The obligation imposed on each Member pursuant to this Section 10.01 shall survive indefinitely following the termination of such Member's status as a Member of the Company for any reason.

-19-

10.02   Notices.  Any notice, payment, demand, or communication required or permitted to be given by any provision of this Agreement shall be in writing and shall be deemed to have been delivered, given, and received for all purposes (a) if delivered personally to the Person to whom the same is directed, or (b) when the same is actually received, if sent either by courier or delivery service or registered or certified mail, postage and charges prepaid, or by facsimile, if such facsimile transmission is followed by a hard copy of the facsimile transmission and is registered or certified mail, postage and charges prepaid addressed as follows:

(i)      If to the Company, to the address set forth in the _____ of Section ____ hereof.

(ii)     If to a Member, to the address set forth in Schedule I hereto.

Any Person may from time to time specify a different address by notice to the Administrative Member.

10.03   Binding Effect.  Except as otherwise provided in this Agreement, every covenant, term and provision of this Agreement shall be binding upon and inure to the benefit of the Members and their respective permitted successors, heirs, transferees, and assigns.

10.04   Severability.  Except as otherwise provided in the succeeding sentence, every provision of this Agreement is intended to be severable, and, if any term or provision of this Agreement is illegal or invalid for any reason whatsoever, such illegality or invalidity shall not effect the validity or legality of the remainder of this Agreement.  The preceding sentence of this Section shall be of no force or effect if the consequence of enforcing the remainder of this Agreement without such illegal or invalid term or provision would be to cause any Member to lose the benefit of his economic bargain.

10.05   No Set-Off.  Except as specifically provided in this Agreement, to the extent permitted by Law, the Company shall not be entitled to offset against any payments required to be made by it hereunder any claims which it may have against any Member, and hereby waives any set-off rights which it may have in respect of any such Member.

10.06   Governing Law.  The laws of the State of Delaware shall govern the validity of this Agreement, the construction of its terms, and the interpretation of the rights and duties of the Members.

10.07   Counterpart Execution.  This Agreement may be executed in any number of counterparts with the same effect as if all of the Members had signed the same document.  All counterparts shall be construed together and shall constitute one agreement.

10.08   Amendments.  Amendments to this Agreement may be proposed by any Member. The Managing Member shall submit to the Members a verbatim statement of any proposed amendment if counsel for the Company shall have approved of the same in writing as to form. A proposed amendment shall be adopted and be effective as an amendment to this Agreement only

-20-

...amendment receives the written consent of a majority of the Members, including the ...ative vote of the Managing Member and Core Value.

10.09  Creditors.  Other than as expressly set forth herein with respect to the ... of the provisions of this Agreement shall be for the benefit of, or shall be enforceable by ... other than the Members, including, any creditor of the Company ...

... failure by any party to insist upon the strict ... or condition of this Agreement or to exercise ... upon or breach thereof shall constitute a waiver of any such ... duty, agreement or condition.

... This Agreement and the agreements ... ... ing understanding and agreement among the Members with respect to the subject matter ... ... hereof and supersedes any other prior written or oral understandings or agreements among them with respect thereto.

*[SIGNATURE PAGE FOLLOWS]*

IN WITNESS WHEREOF, the parties have entered into this Limited Liability Agreement as of the first day set forth above.

Vicky McCausland

Core Value Partners (Latin America) LLC

By: _Talbert L Nauta_
Name:  Talbert L Nauta
Title:   Executive Member

Partnership with Talbert Nauta
only if one no one
can disrupt it!!?
Jim

-22-

NY3 - 400045.04

**EXHIBIT A**

**Definitions**

"Act" means the Delaware Limited Liability Company Act of 1992.

"⸻" has the meaning set forth in Section 5.0⸻.

"⸻" with respect to any Person, (i) any Person ⸻ ⸻ by or under common control with such Person, (ii) ⸻ ⸻ of such Person or (iii) any Person who is an ⸻ ⸻ of any Person described in clauses (i) and (ii) of ⸻.

"Agreement" means the Limited Liability Company Agreement of Violy Group LLC.

"Capital Account" means the account established and maintained for each Member in accordance with this Agreement.

"Cause" means, with respect to a Member, a determination by the Company, acting in good faith and upon evidence it deems credible, that (i) the Member is guilty of (A) a felony of any nature, (B) a misdemeanor that involves dishonest conduct or (C) a violation of Section 11, Section 12, Section 15, or Section 17 of the Securities Act of 1933, as amended, or Section 9, Section 10, Section 15, or Section 18 of the Securities Exchange Act of 1934, as amended, or Section 206 of the Investment Advisor's act of 1940, as amended; or (ii) the Member has engaged in grossly negligent or willful misconduct in connection with his activities on behalf of, or relating to, the Company, or direct or indirect subsidiary or an Affiliate.

"Code" means the United States Internal Revenue Code of 1986, as amended.

"Company" means Violy Group LLC, a Delaware limited liability company.

"Control" (including, with correlative meanings, the terms "controlling", "controlled by" and "under common control with"), as used with respect to any Person, means the possession directly or indirectly, of the power to direct or cause the direction of the management and policies of such Person, whether through the ownership of voting securities or by contract or agency or otherwise.

"Fair Value" as to any asset, unless otherwise specified, means the fair market value of such asset determined by an independent appraiser which is a nationally recognized accounting firm, investment bank or other appraiser as mutually agreed upon by the Members.

"Family Investment Member" with respect to any Person who is a member of such individual Member's family or any Person which is a trust, partnership, limited liability company or other entity formed by such individual Member for investment by or for the benefit of members of such individual's family, or such individual's other relatives or charitable organizations, and is designated as a "Family Investment Member".

A-1

NY3 - 48904.04

"**Fiscal Quarter**" means any period commencing on January 1, April 1, July 1 or October 1 and ending on the earlier to occur of (x) the next March 31, June 30, September 30 or December 31, as the case may be, and (y) the date on which all property is distributed and the certificate of formation of the Company has been canceled pursuant to the Act.

"**Fiscal Year**" means (i) the period commencing on the date hereof and ending on December 31, ___ (ii) any subsequent period commencing on January 1 and ending on December 31 and (y) the date on which all property ___ the Company has been canceled pursuant to the ___.

"**___**" means ___ law, treaty, directive, statute, rule, regulation, ___ judgment, decree, ___, writ, determination ___ requirement or decision of or agreement with ___ government or governmental department, commission, board, court, authority, agency, official or officer having jurisdiction of the matter in question.

"**Managing Member**" has the meaning provided in Section 4.01(a) of this Agreement.

"**Member**" has the meaning provided in the preamble to this Agreement. Members are "members" (as such term is defined in the Act) of the Company.

"**Membership Interests**" means an ownership interest of a Member in the Company and includes any and all benefits to which the holder of such an interest may be entitled as provided in this Agreement, together with all obligations of such Person to comply with the terms and provisions of this Agreement.

"**Percentage Interest**" means, with respect to each Member, the percentage determined by dividing the number of Units owned by such member by the total number of Units outstanding.

"**Permanent Disability**" means, with respect to any Member, the inability of such Member to perform his duties as a Member or employee of the Company, direct or indirect subsidiary or any Affiliate due to illness or accident or other physical or mental disability or incapacity, which inability continues for a period of any six consecutive months.

"**Person**" means any natural person, partnership, limited partnership, limited liability company, trust, estate, association, corporation, company, custodian, nominee or any other individual or entity in its own or any representative capacity.

"**Transfer**" means, with respect to any interest in the Company, as a noun, any voluntary or involuntary transfer, sale, assignment of an interest (including a security interest) in or other disposition of such interest, and, as a verb, voluntarily or involuntarily to transfer, sell, assign (including assign for security) or otherwise dispose of, such interest, including, in each case, any transfer by operation of law, merger, bankruptcy or otherwise.

"**Unit**" means a fractional share of the Membership Interests of all Members. The number of Units outstanding and the holders thereof are set forth on Schedule I, as Schedule I

A-2

may be amended from time to time pursuant to this Agreement. The ownership of Units shall be evidenced by a certificate in such form as the Administrative Member may determine from time to time.

A-3



**Schedule I**

**Allocation of Membership Interests and Units**

| Name | Address | Units | Membership Interests |
|---|---|---|---|
| Violy McCausland | C/o Violy & Co.<br>10 East 53rd Street<br>34th Floor<br>New York, New York 10022 | 60 Units | 60% |
| Core Value Partners<br>(Latin America) LLC | C/o 10605 SW 62nd Avenue<br>Miami, Florida 33156 | 40 Units | 40% |

S-1

EXHIBIT C-2

# EXHIBIT C-2

PRIVILEGED AND CONFIDENTIAL
WLR&K DRAFT: 12/19/07

PRELIMINARY TERM SHEET

LIMITED LIABILITY COMPANY AGREEMENT OF VIOLY GROUP LLC

*This term sheet is not intended to create and it does not create any legal rights, obligations or consequences, and only those rights and obligations that are set forth in definitive written agreements, duly executed by all parties to them, will create any legally binding rights, obligations or consequences with respect to the subject matter of this term sheet.*

| | |
|---|---|
| Parties/Members | Violy McCausland ("Violy") and Talbert Navia ("Navia"). |
| Company Name | Violy Group LLC (the "Company") |
| State of Formation | Delaware |
| Term | Perpetual |
| Tax Status | The Company is intended to be taxed as a partnership. |
| Ownership | Violy will own 60% of the membership interests of the Company and Navia will own 40% of the membership interests of the Company. |
| Purpose of the Company | To act as the managing member of Violy Holdings LLC which shall: |

- own all of the equity of VMS LLC; and
- create and own a multi-company platform including, without limitation, a new M&A advisory firm, broker-dealer, wealth management firm and private equity firm.

To create a self-sustaining investment banking company within 6 to 10 years which can be sold to third party investors.

| | |
|---|---|
| Exclusivity | Violy and Navia are precluded from operating similar investment banking businesses (including a new M&A advisory firm, broker-dealer, wealth management firm and private equity firm ) through any entity other than the Company. |
| Contribution by Violy | Violy agrees to contribute 100% of the equity of [VMS LLC][Violy Holdings LLC] and her expertise in investment banking and the generation of transactions. |
| Contribution by Navia | Navia agrees to contribute and devote 50% of his time |

1

to:

- provide operational and management support to the Company and its subsidiaries;
- form and operate a private equity firm as a subsidiary of the Company; and
- provide access to capital for use by the Company and its subsidiaries.

**Governance**

Violy will be appointed the managing member of the Company (the "Managing Member").

The Managing Member has full power and authority to manage the business and affairs of the Company.

A successor to Violy as Managing Member may only be appointed with the prior written approval of Navia.

The Managing Member is entitled to delegate to any person any of the duties, powers and authority vested in the Managing Member.

It is intended that meetings of the members of the Company will be held monthly and must be held at least 6 times per year.

Any member of the Company may call a meeting of the members of the Company at any time.

All members constitute a quorum and member action can only be taken by the affirmative vote of all members (i.e., Violy and Navia) or by unanimous written consent of the members.

**Restrictions on the Authority of the Managing Member**

The Managing Member is not permitted to take the following actions without the prior written approval of all other member(s) of the Company:

- making acquisitions;
- selling interests in the Company;
- admitting new members to the Company;
- removing members;
- determining compensation to be paid to any member of the Company;
- adopting an operating budget for the Company;
- borrowing by the Company, provided that

2

Violy or Navia are each permitted to cause the Company to borrow up to $150,000 if the other member is not available to consent to such borrowing;

- executing material contracts;
- making loans outside the ordinary course of business, provided that Violy or Navia each have authority to cause the Company to lend up to $10,000 if the other member is not available to consent to such loan; and
- incurring any expenses not included in the operating budget of the Company.

In addition, Violy (as Managing Member) and Federico Seve are required to jointly sign on behalf of the Company all checks in excess of $1,000 and within the operating budget.

| | |
|---|---|
| Transfer Restrictions | Members are only permitted to transfer their membership interests in the Company with the prior written consent of all members. Any member is permitted to give or withhold their consent in their sole discretion. |
| Tag-Along and Drag-Along Rights | Violy will have tag-along and drag-along rights with respect to all transfers of membership interests by any member of the Company (other than to affiliates). |
| Removal of Members | Any member may only be removed for cause (i.e., failure to act in good faith). |
| Effect of Retirement or Death of Violy or Navia | Member's interest becomes a non-voting interest or may be transferred with the prior written consent of the other member. |
| Allocation of Profit and Loss | Allocations of income and loss are to be made on a quarterly basis and shall be allocated among the members in accordance with their Membership Interest (i.e., 60% to Violy and 40% to Navia) except for allocations with respect to the proceeds from the possible future sale of Violy's equity interest in Cobalt Balloon ("CB") which shall be as follows: |

- 100% of proceeds to Violy up to $10 million;
- 75% of proceeds to Violy and 25% of proceeds to Navia with respect to all proceeds from $10,000,001 to $20,000,000;
- 80% of proceeds to Violy and 20% of proceeds to

3

Navia with respect to all proceeds above $20 million [1]

All current and future dividends paid by CB with respect to Violy's equity interest in CB are for the account of Violy only.

Termination and Dissolution

The Company shall continue until would up by the written consent of all members, the sale or disposition of substantially all of the assets of the Company, or the entry of a decree of judicial dissolution.

Information Rights

Members shall be provided with financial statements and annual budget and business plan as soon as practicable after the completion of each fiscal year.

Dispute Resolution

Members are required to attempt to resolve any disputes arising between members for 30 days. If a dispute cannot be resolved within this time period the dispute must be submitted to binding arbitration in New York, New York under the Commercial Arbitration Rules of the American Arbitration Association.

Governing Law

Delaware

---

[1] Note: We need to know the fair market value of Violy's equity interest in CB to determine whether the above allocations are permissible for tax purposes.

4

The undersigned hereby agree that this term sheet represents the business understanding between the parties.

_____

Violy McCausland

_____

Talbert Navia

Dated: December __, 2007

EXHIBIT C-3

EXHIBIT C-3

AMENDMENT NO. 1
TO
LIMITED LIABILITY
COMPANY AGREEMENT
OF
VIOLY GROUP LLC
DATED AS OF JANUARY 1, 2008

AMENDMENT NO. 1 dated as of January 1, 2009, by and between Violy McCausland ("Violy") and Core Value Partners (Latin America) LLC ("Core Value").

The Parties to this Amendment No. 1 hereby agree that Section 5.05 of the Limited Liability Company Agreement of Violy Group LLC dated as of January 1, 2008 between Violy and Core Value (the "Agreement") is hereby amended to provide that the allocations of income, gain, loss and deduction of the Company for the fiscal year ending 2008 shall be allocated 100% to Violy and 0% to Core Value.

Except as otherwise provided herein, all capitalized terms in this Amendment No. 1 shall have the meanings set forth in the Agreement.

IN WITNESS WHEREOF, the Parties have entered into this Amendment No. 1 as of the first day set forth above.

_____
Violy McCausland

_____
Core Value Partners (Latin America) LLC

By: _____
Talbert I. Navia
Executive Member

NY3 - 467066.01

EXHIBIT C-4

EXHIBIT C-4

CORE VALUE PARTNERS (LATIN AMERICA) LLC
10605 SW 62nd Avenue
Miami, Florida 33156

November 22, 2010

Violy McCausland
C/o Violy & Co.
10 East 53rd Street
34th Floor
New York, New York 10022

Dear Violy:

    Reference is made to the Limited Liability Agreement dated January 1, 2008 between Violy McCausland and Core Value Partners (Latin America) LLC ("Agreement"). All capitalized terms used herein shall be as defined in the Agreement, unless otherwise specifically provided in this letter.

    Section 9.01 of the Agreement requires that there be a 30 day period to negotiate the differences between the Members before the legal process begins. This 30 day period began no later than November 8, 2010, when Henry Harper, Barry Dinaburg and I exchanged emails regarding our desire to resolve our differences, and then Henry and Barry met face to face to negotiate these differences. Thus, the 30 day negotiation period ends no later than December 7, 2010. If for some reason that the emails between the parties and the face to face meetings (including a second meeting held on November 18, 2010) do not constitute adequate notice under the Agreement (which we believe they do), then pursuant to Section 9.01 of the Agreement we hereby give you notice of intention to negotiate the disputes between the Members. As you already know, such disputes include, without limitation, disputes as to (i) ownership of equity interests in, (ii) distributions made or to be made by, (iii) compensation paid or to be paid by and (iv) the valuation of the Company, any direct or indirect subsidiary, or Affiliate including, without limitation, VMS LLC dba Violy & Co. In addition, unless Core Value's prior written consent is given, this letter also serves as notice that Core Value does not consent to or approve of any actions taken or to be taken with respect to any item set forth in Section 4.03 of the Agreement, and reserves all of its rights as to any actions already taken without its consent or approval on or prior to this date.

I will be in New York from Tuesday, November 30th through Thursday, December 2. While my schedule is still uncertain, I am happy to meet with you during my visit.

Very truly yours,
Core Value Partners (Latin America) LLC

By: *Talbert l Navia*

Talbert . Navia
Executive Member

# Kook Affirmation

# Exhibit B

# EXHIBIT B

# CHADBOURNE
## & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

Talbert I. Navia
direct tel (212) 408-5316  fax (212) 974-0358
tnavia@chadbourne.com

March 15, 2007

Ms. Violy McCausland-Seve
Violy & Co.
10 East 53rd Street, 34th Floor
New York, New York  10022

Re:  Statement No. 8109-1399 Revised
Statement No. 8109-1409 and Information Statement No. 8109-1416

Dear Violy:

Enclosed is the revised Statement No. 8109-1399 in the amount of $3,527.00 for professional services rendered through January 31, 2007 in connection with the general matters for Violy & Co.

I am also enclosing Statement No. 8109-1409 in the amount of $14,264.62 for professional services rendered through February 28, 2007 in connection with the general matters for Violy & Co.

For your information, fees and expenses related to the VMS structure are in the enclosed Information Statement No. 8109-1416.  For reasons of accounting nature, we need to keep our clients abreast of time and expenses related to transactional matters on a monthly basis.

Please do not hesitate to contact me if you have any questions or comments.

Best regards,

*Talbert*

Talbert I. Navia

Enclosures

BY HAND

cc:  Mr. Felipe Rojas

# CHADBOURNE & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel 212-408-5100  fax 212-541-5369

Statement No. 8109-1416

March 12, 2007

## INFORMATION STATEMENT

VIOLY & CO.
10 EAST 53 STREET, 34TH FLOOR
NEW YORK, NY 10022

ATTN: Violy McCausland-Seve

FOR PROFESSIONAL SERVICES rendered through
February 28, 2007 in connection with the VMS
structure, etc., as set forth in the enclosed narrative.                $15,430.00

Other Charges                                                           $    0.00

Total Amount Due                                                        $15,430.00

In view of the possible mail delays, we would appreciate payment by wire transfer as follows:



CHADBOURNE
& PARKE LLP

VIOLY & CO.                                                    March 12, 2007
10 EAST 53RD STREET                                            Invoice ******
34TH FLOOR                                                    Page    1
NEW YORK, NY 10022

                                              For Services Through February 28, 2007

Our Matter #18261.001
           GENERAL

| | | | |
|---|---|---|---|
| 01/22/07 | T. I. NAVIA | Conf. call with F. Rojas re: VMS | 0.50 hrs. |
| 02/02/07 | T. I. NAVIA | Conf. call with Felipe Rojas and B. Dinaburg re: VMS structure; | 3.00 hrs. |
| 02/06/07 | B. DINABURG | Conference with FR; conference call with Colombian Counsel; preparation for call. | 1.50 hrs. |
| 02/10/07 | T. I. NAVIA | Conf. call re: VMS structure. | 1.50 hrs. |
| 02/12/07 | B. DINABURG | Meeting at Violy; preparation for meeting. | 2.70 hrs. |
| 02/21/07 | T. I. NAVIA | Conf. call with Felipe Rojas re: Adm. structure of VMS. | 2.00 hrs. |

Total Fees for Professional Services.............     $15,430.00

Total Other Charges..............................     $    0.00

TOTAL DUE FOR THIS MATTER........................     $15,430.00

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

# CHADBOURNE
# & PARKE LLP

Talbert I. Navia
direct tel (212) 408-5316  fax (212) 974-0358
tnavia@chadbourne.com

October 3, 2007

Mr. Juan Osorio
Violy & Co.
10 East 53rd Street, 34th Floor
New York, New York  10022

Re:  Information Statement No. 8109-1480

Dear Juan:

Enclosed please find Information Statement No. 8109-1480 in the amount of $154,322.80 for professional services in connection with VMS-Structure, Estate Planning, ▓▓▓▓▓▓▓▓ pending projects and general corporate matters for the periods from March, 2007 through July 31, 2007.

For your information, the current outstanding balance through July 31st for the Violy General Matter is $187,544.42 for the following statements:

| Statement No. | Dated | Amount |
|---|---|---|
| 8109-1399 | 2/19/07 | $  3,527.00 |
| 8109-1409 | 3/12/07 | $ 14,264.62 |
| 8109-1416 | 3/12/07 | $ 15,430.00 |
| 8109-1480 | 9/28/07 | $154,322.80 |

With Management's approval, the total write-off from the beginning of the year through August 31st for this account is approximately $80,000.

Please do not hesitate to contact me if you have any questions or comments.

Sincerely,

*Talbert*

Talbert I. Navia

Enclosures

BY HAND

CHADBOURNE
& PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel 212-408-5100  fax 212-541-5369

Statement No. 8109-1480

September 28, 2007

VIOLY & CO.
10 EAST 53RD STREET, 34TH FLOOR
NEW YORK, NY 10022

ATTN: JUAN OSORIO

FOR PROFESSIONAL SERVICES rendered through
July 31, 2007 in connection with VMS Structure, Estate
Planning, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and general
corporate matters as set forth in the enclosed narrative.                    $145,283.50

                                    Other Charges                             $ 9,039.30

Total Amount Due                                                              $154,322.80

In view of the possible mail delays, we would appreciate payment by wire transfer as follows:



*Normal Payment Terms: 30 Days*

# CHADBOURNE
## & PARKE LLP

VIOLY & CO.                                        September 28, 2007
10 EAST 53RD STREET                               Invoice ******
34TH FLOOR                                        Page    1
NEW YORK, NY 10022

                                    For Services Through July 31, 2007

Our Matter #18261.001
         GENERAL

03/01/07   T. I. NAVIA        VMS: reviewed structure chart and      0.50 hrs.
                              recommendations for VMS; Conf.
                              call with B. Dinaburg re: same



03/05/07   T. I. NAVIA        VMS: Call with Barry Dinaburg re:      1.00 hrs.
                              VMS structure.



CHADBOURNE
& PARKE LLP

VIOLY & CO.                                          September 28, 2007
10 EAST 53RD STREET                                  Invoice ******
34TH FLOOR                                           Page     2
NEW YORK, NY 10022

read new e-mail; read new court
papers.



| 03/07/07 | T. I. NAVIA | VMS: Conf. call with B. Dinaburg re: VMS structure; conf. call with Jerry Citera re: Broker dealer issues; correspondence re: same. | 2.20 hrs. |
|---|---|---|---|



| 03/08/07 | T. I. NAVIA | VMS: Conf. call with B. Dinaburg & S. Berson re: VMS structure and compliance; PE: Worked on Private Equity and broker dealer additions. | 1.80 hrs. |
|---|---|---|---|

| 03/12/07 | B. DINABURG | VMS: Review of Colombian counsel memo. | 0.70 hrs. |
|---|---|---|---|

| 03/15/07 | T. I. NAVIA | VMS: Reviewed structure; conf. call with Bob Berson re regulatory compliance. | 1.00 hrs. |
|---|---|---|---|
| 03/16/07 | T. I. NAVIA | VMS: Conf. call with Bob Berson, Felipe Rojas of Violy & Co. and Barry Dinaburg re: VMS structure, etc. | 1.00 hrs. |
| 03/16/07 | B. DINABURG | VMS: Conference call with TIN and BB; preparation for call. | 1.20 hrs. |
| 03/22/07 | T. I. NAVIA | VMS: Structure - Conf calls with Violy McCausland re: Business Plan, Staffing and Structure. | 0.50 hrs. |
| 03/23/07 | T. I. NAVIA | VMS: Worked on VMS structure; | 1.20 hrs. |

*Normal Payment Terms: 30 Days*

CHADBOURNE
& PARKE LLP

VIOLY & CO.
10 EAST 53RD STREET
34TH FLOOR
NEW YORK, NY 10022

September 28, 2007
Invoice ******
Page    3

conf. call with B. Dinaburg, etc.
re: same.

| Date | Name | Description | Hours |
|---|---|---|---|
| 03/27/07 | T. I. NAVIA | VMS: Conf. calls with Felipe Rojas VMS Structure; conf. call re: VMS structure & compliance w/ B. Dinaburg & F. Rojas re VMS structure & compliance. | 1.50 hrs. |
| 03/28/07 | T. I. NAVIA | VMS: Worked on VMS structure; internal conf. call re: Same; conf. call with F. Rojas re: same; | 3.50 hrs. |
| 04/04/07 | J. ROBINS | Meeting with VM, et al. | 2.00 hrs. |
| 04/04/07 | T. I. NAVIA | VMS: Worked on structure; internal conf. re: compliance. | 1.50 hrs. |
| 04/04/07 | T. I. NAVIA | VMS: Meeting with Violy McCausland-Seve (Violy & Co.), A. Londoño, J. Robbins and B. Dinaburg. | 2.00 hrs. |
| 04/04/07 | B. DINABURG | VMS: Conference with Violy, TIN and JR. | 1.60 hrs. |
| 04/09/07 | T. I. NAVIA | VMS: Conf. call with B. Dinaburg re: other business lines. | 0.50 hrs. |
| 04/10/07 | T. I. NAVIA | VMS: Reviewed structure, Conf. call with F. Rojas; worked on same. | 0.70 hrs. |
| 04/10/07 | J. ROBINS | Prepared estate plan. | 1.80 hrs. |
| 04/11/07 | B. DINABURG | VMS: Planning; research. | 1.10 hrs. |
| 04/12/07 | B. DINABURG | VMS: Planning; e-mails. | 3.30 hrs. |

CHADBOURNE
& PARKE LLP

VIOLY & CO.                                          September 28, 2007
10 EAST 53RD STREET                                 Invoice ******
34TH FLOOR                                          Page    4
NEW YORK, NY 10022

| 04/12/07 | J. ROBINS | VMS: Develop estate plan. | 1.80 hrs. |
| 04/12/07 | E. TUCNER | VMS: Conference call with Barry Dinaburg, Talbert Navia and Martin Stalman; Draft structure charts re: various operations. | 3.30 hrs. |
| 04/13/07 | T. I. NAVIA | VMS: Worked with B. Dinaburg and Robbins re: Violy Tax and estate planning and VMS Structure. | 2.70 hrs. |
| 04/13/07 | B. DINABURG | VMS: Planning; research. | 1.80 hrs. |
| 04/14/07 | B. DINABURG | VMS: Planning; research. | 1.70 hrs. |
| 04/15/07 | E. VERGARA | VMS: Discussions w/JAR re planning issues and strategies. | 1.60 hrs. |
| 04/15/07 | J. ROBINS | VMS: Prepare estate plan; prep for 4/18 meeting. | 4.60 hrs. |
| 04/16/07 | J. ROBINS | VMS: Prepare estate plan; prep for 4/18 meeting; internal meetings re personal structure and charts. | 2.80 hrs. |
| 04/16/07 | T. I. NAVIA | VMS: Conf. call with J. Robbins and B. Dinaburg re: V&CO structure; worked on same. | 1.70 hrs. |
| 04/16/07 | B. DINABURG | VMS: Charts; US tax planning; conference call. | 4.20 hrs. |
| 04/16/07 | E. TUCNER | VMS: Meeting with Barry Dinaburg to discuss structure charts and planning; Meeting with Barry Dinaburg and Jeffrey Robins to discuss estate planning; Revise structure charts. | 1.60 hrs. |
| 04/17/07 | E. TUCNER | VMS: Meeting with Jeffrey Robins; Revise structure charts; Correspondence with Barry Dinaburg. | 1.40 hrs. |



| 04/17/07 | T. I. NAVIA | VMS: Conf. call with Violy McCausland and Barry Dinaburg, | 2.50 hrs. |

*Normal Payment Terms: 30 Days*

# CHADBOURNE
# &PARKE LLP

VIOLY & CO.                                          September 28, 2007
10 EAST 53RD STREET                                  Invoice ******
34TH FLOOR                                           Page    5
NEW YORK, NY 10022

                          Jeff Robbins re: structure;
                          reviewed, revised charts.

| Date | Name | Description | Hours |
|------|------|-------------|-------|
| 04/17/07 | J. ROBINS | VMS: Prep. for 4/18 meeting; drafted estate planning proposal; meetings with EV, BAD, ET; call with VM, TN, RB. | 9.70 hrs. |
| 04/17/07 | E. VERGARA | VMS: Discussions w/JAR on various tax issues. | 0.60 hrs. |
| 04/18/07 | E. VERGARA | VMS: Continue background work to prepare for estate planning meeting; discussions w/JAR and TN; work on foundation slide. | 4.10 hrs. |
| 04/18/07 | J. ROBINS | VMS: Prep. for (including meeting with TN) and meeting with Violy et al. | 6.00 hrs. |
| 04/18/07 | T. I. NAVIA | VMS: Reviewed, revised VMS Structure; internal meeting with Jeff Robbins and Eraz Tucna re: same; meeting with Violy McCausland-Seve, Federico-Save, Alejandro Londoño and Juan Osorio with J Robins, B Dinaburg, E. Tucner. | 5.00 hrs. |

*Normal Payment Terms: 30 Days*

# CHADBOURNE
## & PARKE LLP

VIOLY & CO.
10 EAST 53RD STREET
34TH FLOOR
NEW YORK, NY 10022

September 28, 2007
Invoice ******
Page      6

| Date | Attorney | Description | Hours |
|------|----------|-------------|-------|
| 04/18/07 | E. TUCNER | VMS: Meeting with Barry Dinaburg; *Phone conversation with Jeffrey Robins*; Revise structure charts; Meeting with Mr. and Mrs. Violy, Barry Dinaburg and Talbert Navia. | 4.80 hrs. |
| 04/23/07 | B. DINABURG | VMS: Meeting with JR & ET; planning. | 2.80 hrs. |
| 04/23/07 | J. ROBINS | VMS: With BAD re revised structure, etc. | 1.10 hrs. |
| 04/23/07 | E. TUCNER | VMS: Meeting with Barry Dinaburg and Jeffrey Robins re: discuss structure and planning. | 1.10 hrs. |
| 04/27/07 | B. DINABURG | VMS: Research; planning. | 1.20 hrs. |
| 04/27/07 | J. ROBINS | VMS: List of Estate Planning questions. | 0.90 hrs. |
| 04/30/07 | J. ROBINS | VMS: Call to Alejandro; prep for meeting. | 0.30 hrs. |
| 04/30/07 | T. I. NAVIA | VMS:  Worked on VMS structure; internal conference re: same. | 2.30 hrs. |
| 05/01/07 | E. TUCNER | VMS: Meeting with Barry Dinaburg and Jeffrey Robins to discuss revised structure; Draft a revised structure chart. | 1.20 hrs. |
| 05/01/07 | J. ROBINS | VMS: BAD, ET re charts, personal planning. | 1.50 hrs. |
| 05/02/07 | J. ROBINS | VMS: Review and comment; chart. | 0.20 hrs. |
| 05/02/07 | E. TUCNER | VMS: Draft new structure chart; Phone conversations and *correspondences with Barry Dinaburg and Jeffrey Robins to discuss new structure.* | 3.30 hrs. |
| 05/02/07 | T. I. NAVIA | VMS: Worked on structure; internal conf. with B. Dinaburg and J. Robins. | 1.50 hrs. |

# CHADBOURNE
## & PARKE LLP

VIOLY & CO.                                    September 28, 2007
10 EAST 53RD STREET                            Invoice ******
34TH FLOOR                                     Page      7
NEW YORK, NY 10022

| Date | Person | Description | Hours |
|------|--------|-------------|-------|
| 05/03/07 | J. ROBINS | VMS: Charts; with BAD and ET. | 2.10 hrs. |
| 05/05/07 | T. I. NAVIA | VMS: Worked on revised structure chart. | 1.20 hrs. |
| 05/06/07 | E. TUCNER | VMS: Correspondences with Barry Dinaburg and Talbert Navia; Revise structure chart accordingly; Deliver structure chart. | 0.70 hrs. |
| 05/06/07 | J. ROBINS | VMS: Design trusts; e-mail memo to TN. | 6.80 hrs. |
| 05/07/07 | J. ROBINS | VMS: Conference NLM re Violy offshore trust. | 0.50 hrs. |
| 05/07/07 | E. TUCNER | VMS: Conference call with Talbert Navia, Barry Dinaburg and Juan Osorio; revise structure chart. | 1.80 hrs. |
| 05/07/07 | T. I. NAVIA | VMS: Conf. call re: VMS structure with J Osorio, Alejandro Londoño, Jeff Robins and B. Dinaburg; reviewed Structure chart. | 3.20 hrs. |





CHADBOURNE
& PARKE LLP

VIOLY & CO.
10 EAST 53RD STREET
34TH FLOOR
NEW YORK, NY 10022

September 28, 2007
Invoice ******
Page    8

| 05/23/07 | J. ROBINS | VMS: With BAD. | 0.10 hrs. |
| 05/24/07 | E. VERGARA | VMS: Start work on model Childrens Trust. | 1.00 hrs. |
| 05/29/07 | E. VERGARA | VMS: Finish first draft of model children's trust; to JAR. | 3.80 hrs. |
| 05/29/07 | J. ROBINS | VMS: Reviewed draft trusts. | 2.00 hrs. |
| 05/31/07 | J. ROBINS | VMS: Review draft trusts. | 0.30 hrs. |
| 06/06/07 | J. ROBINS | VMS: Calls re appraisals. | 0.90 hrs. |
| 06/07/07 | J. ROBINS | VMS: Reviewed and revised trust and explanations thereof. | 3.80 hrs. |
| 06/08/07 | J. ROBINS | VMS: Draft trust and summaries. | 10.60 hrs. |

CHADBOURNE
&PARKE LLP.

VIOLY & CO.                                        September 28, 2007
10 EAST 53RD STREET                                Invoice ******
34TH FLOOR                                         Page    9
NEW YORK, NY 10022

| | | | |
|---|---|---|---|
| 06/10/07 | J. ROBINS | VMS: Revised and finalized summary of offshore trust. | 0.80 hrs. |
| 06/11/07 | J. HOMAN | VMS: Office conference with Mr. Vergara. Assemble package for delivery. | 0.40 hrs. |
| 06/11/07 | E. VERGARA | VMS: Start work w/JH finalizing package; start work on "pot trust" model for children's trust. | 0.60 hrs. |
| 06/12/07 | E. VERGARA | VMS: Finish revised "pot trust" model children's trust and accompanying summary; to JAR. | 4.80 hrs. |
| 06/13/07 | J. ROBINS | VMS: Review draft children's trust (0.4); | 0.70 hrs. |



| | | | |
|---|---|---|---|
| 07/05/07 | B. DINABURG | Conference call with TIN and Violy. | 1.30 hrs. |
| 07/06/07 | B. DINABURG | Review of documents. | 0.40 hrs. |
| 07/13/07 | D. GALLAI | Conf. w/ T. Navia re: term sheet; revised term sheet based on comments received; distributed term sheet to client. | 0.70 hrs. |

Total Fees for Professional Services..................$145,283.50

*Normal Payment Terms: 30 Days*

CHADBOURNE
&PARKE LLP

VIOLY & CO.                                    September 28, 2007
10 EAST 53RD STREET                            Invoice *****
34TH FLOOR                                     Page    10
NEW YORK, NY 10022

<u>OTHER CHARGES</u>

| | |
|---|---:|
| COURIER RELATED CHARGES | 92.00 |
| FEDERAL EXPRESS | 50.10 |
| COMPUTER LEGAL RESEARCH | 787.61 |
| LOCAL TRANSPORTATION | 1555.66 |
| MEALS | 320.85 |
| SECRETARIAL OVERTIME | 505.07 |
| POSTAGE | 24.71 |
| PROOFREADING | 105.65 |
| REPRODUCTION | 305.80 |
| TELEPHONE CHARGES | 1079.91 |
| WORD PROCESSING | 4211.94 |

Total Other Charges.....................................$9,039.30


TOTAL DUE FOR THIS MATTER................................$154,322.80

*Normal Payment Terms: 30 Days*

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

# CHADBOURNE
# & PARKE LLP

Talbert I. Navia
direct tel (212) 408-5316  fax (212) 974-0358
tnavia@chadbourne.com

October 15, 2007

Mr. Juan Osorio
Violy & Co.
10 East 53rd Street, 34th Floor
New York, New York  10022

Re:  Information Statement No. 8109-1536

Dear Juan:

Enclosed please find Information Statement No. 8109-1536 in the amount of $2,348.21 for professional services in connection with Estate Planning and VMS Structure through September 30, 2007

For your information, the current outstanding balance through September 30 for the Violy General Matter is $189,892.63 for the following statements:

| Statement No. | Dated | Amount |
|---|---|---|
| 8109-1399 | 2/19/07 | $   3,527.00 |
| 8109-1409 | 3/12/07 | $ 14,264.62 |
| 8109-1416 | 3/12/07 | $ 15,430.00 |
| 8109-1480 | 9/28/07 | $154,322.80 |
| 8109-1536 | 10/15/07 | $   2,348.21 |

Please do not hesitate to contact me if you have any questions or comments.

Sincerely,

Talbert I. Navia

Enclosures

BY HAND

# CHADBOURNE
## & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel 212-408-5100  fax 212-541-5369

Statement No. 8109-1536

October 15, 2007

VIOLY & CO.
10 EAST 53RD STREET
34TH FLOOR
NEW YORK, NY  10022

ATTN: JUAN OSORIO

---

FOR PROFESSIONAL SERVICES rendered through
September 30, 2007, in connection with Estate Planning
& VMS Structure, as set forth in the enclosed narrative.          $2,085.00

                Other Charges          $   263.21

Total Amount Due          $2,348.21

In view of the possible mail delays, we would appreciate payment by wire transfer as follows:



# CHADBOURNE
## & PARKE LLP

VIOLY & CO.
10 EAST 53RD STREET
34TH FLOOR
NEW YORK, NY 10022

October 15, 2007
Invoice ******
Page    1

For Services Through September 30, 2007

Our Matter #18261.001
        GENERAL



Total Fees for Professional Services.............   $2,085.00

OTHER CHARGES

SECRETARIAL OVERTIME                    61.51
REPRODUCTION                             8.40
TELEPHONE CHARGES                      104.12
WORD PROCESSING                         89.18

Total Other Charges.............................   $263.21

TOTAL DUE FOR THIS MATTER......................   $2,348.21

*Normal Payment Terms: 30 Days*

# CHADBOURNE
## & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

Talbert I. Navia
direct tel (212) 408-5316  fax (212) 924-0358
tnavia@chadbourne.com

November 13, 2007

Mr. Juan Osorio
Violy & Co.
10 East 53rd Street, 34th Floor
New York, New York  10022

Re:  Information Statement No. 8109-1554

Dear Juan:

Enclosed please find Information Statement No. 8109-1554 in the amount of $5,428.02 for professional services in connection with Estate Planning and VMS Structure through October 31, 2007

For your information, the current outstanding balance through October 31 for the Violy General Matter covers the following statements:

| Statement No. | Dated | Amount |
|---|---|---|
| 8109-1399 | 2/19/07 | $   3,527.00 |
| 8109-1409 | 3/12/07 | $  14,264.62 |
| 8109-1416 | 3/12/07 | $  15,430.00 |
| 8109-1480 | 9/28/07 | $154,322.80 |
| 8109-1536 | 10/15/07 | $   2,348.21 |
| 8109-1554 | 11/13/07 | $   5,428.02 |
| Totals | | $195,320.65 |

Please do not hesitate to contact me if you have any questions or comments.

Sincerely,

Talbert I. Navia

Enclosures

BY HAND

# CHADBOURNE
# & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel 212-408-5100 fax 212-541-5369

Statement No. 8109-1554

November 13, 2007

VIOLY & CO.
10 EAST 53RD STREET
34TH FLOOR
NEW YORK, NY 10022

ATTN: JUAN OSORIO

---

FOR PROFESSIONAL SERVICES rendered through
October 31, 2007, in connection with Estate Planning &
VMS Structure, as set forth in the enclosed narrative.                    $4,397.50

                Other Charges                    $1,030.52

Total Amount Due                                                           $5,428.02

In view of the possible mail delays, we would appreciate payment by wire transfer as follows:



Please indicate Statement No. on payment.
Federal and New York State tax identification number: 13-4990295

*Normal Payment Terms: 30 Days*

CHADBOURNE
& PARKE LLP

VIOLY & CO.                                          November 13, 2007
10 EAST 53RD STREET                                 Invoice 8109-1554
34TH FLOOR                                          Page    1
NEW YORK, NY 10022

                              For Services Through October 31, 2007

Our Matter #18261.001
          GENERAL

10/04/07   B. DINABURG   Conference call with Alejandro,        1.60 hrs.
                         Tom and TIN: prepare for call.

10/05/07   B. DINABURG   Conference calls with SB, TIN and      1.60 hrs.
                         client.

10/15/07   J. ROBINS     T/C TN re questions from Violy.        0.10 hrs.

10/17/07   J. ROBINS     Power of Attorney; T/Cs and           2.70 hrs.
                         e-mails MR re same; to TN re same.



                   Total Fees for Professional Services.............    $4,397.50

                              OTHER CHARGES

     MEALS                                      39.24
     SECRETARIAL OVERTIME                        63.49
     REPRODUCTION                               128.20
     TELEPHONE CHARGES                           95.50
     WORD PROCESSING                            704.09

             Total Other Charges................................    $1,030.52

TOTAL DUE FOR THIS MATTER......................................    $5,428.02

*Normal Payment Terms: 30 Days*

# CHADBOURNE
# & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

Talbert I. Navia
direct tel (212) 408-5316  fax (212) 974-0358
tnavia@chadbourne.com

January 25, 2008

Mr. Juan Osorio
Violy & Co.
10 East 53rd Street, 34th Floor
New York, New York 10022

Re:   Information Statement No. 8109-1599

Dear Juan:

Enclosed please find Information Statement No. 8109-1599 in the amount of $13,842.18 for professional services in connection with Estate Planning through December 31, 2007

For your information, the current outstanding balance through December 31st for the Violy General Matter covers the following statements:

| Statement No. | Dated | Amount |
|---|---|---|
| 8109-1399 | 2/19/07 | $  3,527.00 |
| 8109-1409 | 3/12/07 | $ 14,264.62 |
| 8109-1416 | 3/12/07 | $ 15,430.00 |
| 8109-1480 | 9/28/07 | $154,322.80 |
| 8109-1536 | 10/15/07 | $  2,348.21 |
| 8109-1554 | 11/13/07 | $  5,428.02 |
| 8109-1599 | 01/25/08 | $ 13,842.18 |
| Totals | | $209,162.83 |

Please do not hesitate to contact me if you have any questions or comments.

Sincerely,

Talbert I. Navia

Enclosures

BY HAND

# CHADBOURNE
## & PARKE LLP

VIOLY & CO.
10 EAST 53RD STREET
34TH FLOOR
NEW YORK, NY 10022

January 25, 2008
Invoice ******
Page    1

For Services Through December 31, 2007

Our Matter #18261.001
              GENERAL

| Date | Attorney | Description | Hours |
|------|----------|-------------|-------|
| 11/16/07 | B. DINABURG | Conference call with TIN; planning. | 0.60 hrs. |



| 12/13/07 | J. ROBINS | Prepare for and meeting with Violy (MR & FS) re estate planning. | 4.90 hrs. |
| 12/14/07 | J. ROBINS | Review rules of meeting; memo to EV. | 0.30 hrs. |
| 12/15/07 | J. ROBINS | Memo re estate planning. | 6.10 hrs. |
| 12/16/07 | J. ROBINS | Memo re estate planning. | 0.50 hrs. |

Total Fees for Professional Services............. $12,048.50

OTHER CHARGES

| | |
|---|---|
| COURIER RELATED CHARGES | 31.20 |
| FEDERAL EXPRESS | 110.27 |
| LOCAL TRANSPORTATION | 233.43 |
| MEALS | 55.42 |
| SECRETARIAL OVERTIME | 1016.46 |
| REPRODUCTION | 121.40 |
| TELEPHONE CHARGES | 154.37 |
| WORD PROCESSING | 71.13 |

Total Other Charges................................. $1,793.68

TOTAL DUE FOR THIS MATTER....................................... $13,842.18

*Payment Due Upon Receipt*

# CHADBOURNE & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100 fax (212) 541-5369

Talbert I. Navia
direct tel (212) 408-5316 fax (212) 974-0358
tnavia@chadbourne.com

February 20, 2008

Mr. Juan Osorio
Violy & Co.
10 East 53rd Street, 34th Floor
New York, New York  10022

   Re: Information Statement No. 8109-1613

Dear Juan:

   Enclosed please find Information Statement No. 8109-1613 in the amount of $48,015.75 for professional services in connection with Estate Planning through January 31, 2008.

   For your information, the current outstanding balance through January 31, 2008 for the Violy General Matter covers the following statements:

| Statement No. | Dated | Amount |
|---|---|---|
| 8109-1399 | 2/19/07 | $   3,527.00 |
| 8109-1409 | 3/12/07 | $ 14,264.62 |
| 8109-1416 | 3/12/07 | $ 15,430.00 |
| 8109-1480 | 9/28/07 | $154,322.80 |
| 8109-1536 | 10/15/07 | $   2,348.21 |
| 8109-1554 | 11/13/07 | $   5,428.02 |
| 8109-1599 | 01/25/08 | $ 13,842.18 |
| 8109-1613 | 02/20/08 | $48,015.75 |
| Totals | | $257,178.58 |

CHADBOURNE
& PARKE LLP

Mr. Juan Osorio                    -2-                    February 20, 2008

Please do not hesitate to contact me if you have any questions or comments.

Sincerely,

*Talbert*

Talbert I. Navia

Enclosures

BY HAND

# CHADBOURNE
## & PARKE LLP.

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

Statement No. 8109-1613

February 20, 2008

VIOLY & CO.
10 EAST 53RD STREET
34TH FLOOR
NEW YORK, NY 10022

ATTN: JUAN OSORIO

FOR PROFESSIONAL SERVICES rendered through
January 31, 2008, in connection with Estate Planning &
VMS Structure, as set forth in the enclosed narrative.                    $46,653.00

Other Charges                    $ 1,362.75

Total Amount Due                    $48,015.75

In view of the possible mail delays, we would appreciate payment by wire transfer as follows:



*Payment Due Upon Receipt*

NY3 - 462270v01

CHADBOURNE
& PARKE LLP

VIOLY & CO.                                    February 20, 2008
10 EAST 53RD STREET                            Invoice ******
34TH FLOOR                                     Page    1
NEW YORK, NY 10022

                          For Services Through January 31, 2008

Our Matter #18261.001
        GENERAL

01/04/08   E. TUCNER        Phone conversation with Barry          0.50 hrs.
                            Dinaburg.

01/07/08   E. TUCNER        Conference call with Mrs. Violy,       1.20 hrs.
                            Talbert Navia and Barry Dinaburg;
                            Correspondences with Barry
                            Dinaburg; Phone conversation with
                            Jonathan Abrams.



01/08/08   E. TUCNER        Phone conversation with Barry          0.60 hrs.
                            Dinaburg and Wachtell Lipton
                            representatives re: explain
                            structure.



01/08/08   B. DINABURG      Conference call with Wachtell;         0.60 hrs.
                            preparation for call.



01/13/08   J. ROBINS        Revised Will and Trust.                4.00 hrs.

01/14/08   J. ROBINS        Review revised estate planning        0.20 hrs.
                            drafts.

*Payment Due Upon Receipt*

NY3 - 462270 01