UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
VIOLY MCCAUSLAND-SEVE,

                      Petitioner,

   - against -

CORE VALUE PARTNERS
(LATIN AMERICA), LLC,

                      Respondent.
------------------------------------X

11 Civ. 2773 (VM)

**ORDER**

**VICTOR MARRERO, United States District Judge.**

    Petitioner Violy McCausaland-Seve ("Petitioner") brought this petition against respondent Core Value Partners (Latin America), LLC ("Core Value" or "Respondent") to permanently stay or enjoin arbitration and disqualify Chadbourne & Parke LLP ("Chadbourne") from representing Respondent in the arbitration. On May 3, 2011, the Court held a telephone conference with the parties to discuss Petitioner's proposed motion to disqualify Chadbourne. The Court directed the parties to submit letter-briefs with exhibits setting forth their respective positions regarding the issue of disqualification.

    The underlying arbitration ("Arbitration") involves a dispute over a partnership agreement ("Agreement") between Petitioner and the principal of Core Value, Talbert Navia,

a partner at Chadbourne and Petitioner's former attorney. Petitioner contends that from 2006 to 2010, Chadbourne represented her and her business in connection with a wide range of matters. Through this engagement, Petitioner asserts that Chadbourne was privy to her confidences and acquired sensitive and confidential business information that is the subject of the Arbitration. Furthermore, Petitioner argues that Chadbourne's own billing records establish that Chadbourne billed Petitioner for work performed with respect to the Agreement and thus that there is a substantial relationship between the subject matter of Chadbourne's prior representation of Petitioner and the issues in the present lawsuit.

Upon motion from a party, a court may disqualify an attorney if:

> (1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client.

Evans v. Artek Sys., Inc., 715 F.2d 788, 791 (2d Cir. 1983) (emphasis added). The Court's determination to disqualify, however, "can be reached only after a painstaking analysis

2

of the facts and precise application of precedent." <u>Board of Educ. v. Nyquist</u>, 590 F.2d 1241, 1246 (2d Cir. 1979).

Upon review of the petition and the parties' submissions, the Court finds that it requires certain additional information to resolve the issues before it. Therefore, Respondent is directed to submit by June 20, 2011, a letter-brief not to exceed five pages identifying specific facts in the record to support its assertion that there is not a substantial relationship between the subject matter of Chadbourne's prior representation of Petitioner and the issues before this Court. Respondent should reference and attach as exhibits supporting affidavits or other relevant admissible documentary evidence. The Court requires no additional briefing regarding the law of disqualification.

**SO ORDERED.**

Date:   New York, New York
        6 June 2011

VICTOR MARRERO
U.S.D.J.

3